Filed 7/21/25  P. v. Mency CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B340627 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. GA030918-01, GA032946-01) |
| v. | |
| JASON MENCY, | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant Jason Mency.

No appearance for Plaintiff and Respondent.

———————————————

In 1999, a jury convicted Jason Mency of first degree murder, among other offenses.  The judgment of conviction was

affirmed on appeal. (*People v. Mency* (Nov. 14, 2002, B135267) [nonpub. opn.] (*Mency I*).) In 2019, Mency filed a petition for resentencing of his conviction pursuant to Penal Code, section 1170.95 (now section 1172.6).[1] The resentencing court summarily denied the petition, and on appeal, we reversed and remanded. (*People v. Mency* (Sept. 16, 2021, B301966) [nonpub. opn.] (*Mency II*).) On remand, the resentencing court issued an order to show cause, conducted an evidentiary hearing, found that Mency was ineligible for relief, and denied his petition. Mency appealed.

His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) raising no issues, and Mency filed a supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Trial, Sentencing, and Direct Appeal**

"From 1995 to 1997, defendant Jason Mency and codefendant La Min Johnson engaged in a crime spree in the Pasadena area. The crimes ranged in seriousness from vehicle burglary and joyriding to first degree murder." (*Mency I,* at p. 2.) The two "were arrested on January 3, 1997, and charged with these crimes in an 88-count information with numerous special allegations." (*Ibid.*) "[Mency] gave the police a lengthy statement in which he admitted involvement in several crimes, including the murder of [Marsha Lee] Birch." (*Mency II,* at p. 5.)

The murder charge was prosecuted under a felony murder theory predicated on Mency's involvement in the robbery of Birch

---

[1]     Undesignated statutory references in this opinion are to the Penal Code. In 2022, former section 1170.95 was renumbered 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)

and the burglary of a vehicle parked near her home. (*Mency II,* at p. 5.) The jury convicted him of 60 substantive crimes, including the special circumstance murder of Birch. (*Id.* at p. 2.) The jury found true that the murder was committed while Mency was aiding and abetting the commission of a robbery and a burglary, and that a principal was armed with a firearm. (*Ibid.*) Mency was sentenced to life imprisonment without the possibility of parole plus one year. (*Ibid.*)

Mency appealed from the judgment of conviction, and we affirmed. (*Mency I,* at p. 2.)

## B. Mency's Section 1172.6 Petition

In January 2019, Mency "filed a petition for resentencing pursuant to section 1170.95, claiming entitlement to relief because he was convicted of first degree murder under a felony-murder theory or the natural and probable consequences doctrine." (*Mency II*, at p. 8.) In August 2019, the petition was summarily denied. (*Id.* at p. 9.)

On appeal, we reversed the order, concluding that the record of conviction did not establish as a matter of law that he acted as a major participant with reckless indifference under the standards established by *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (*Mency II,* at p. 15.) We directed the lower court to issue an order to show cause and proceed consistent with section 1170.95, subdivision (d). (*Id.* at pp. 4–5.)

On remand, the resentencing court issued an order to show cause and set an evidentiary hearing. Counsel was appointed for Mency, and the parties submitted briefing. Thereafter, defense counsel served a supplemental brief regarding youthful offenders

3

pursuant to section 1172.6, subdivision (d)(3) and Senate Bill Nos. 1437 and 775, which attached a document titled, "White Paper on the Science of Late Adolescence, A Guide for Judges, Attorneys, and Policy Makers" (white paper). Mency argued that "the hallmarks of youth are relevant in determining whether a youthful defendant acted with reckless indifference to human life, or conscious disregard to human life."

At the August 27, 2024 evidentiary hearing, the parties stipulated to the admission of copies of the trial transcripts, verdict, jury instructions, and transcripts of Mency's interviews. The court took judicial notice of the white paper. Mency attended by videoconference and waived his right to testify.

After hearing argument, the resentencing court denied the petition and found Mency was not entitled to relief under section 1172.6. It found that he acted with express malice during the commission of the murder and was a major participant in the underlying robbery and burglary who acted with reckless indifference to human life. The court considered Mency's age (23 years old) at the time of the crimes but was unpersuaded that his actions were influenced by peer pressure. Mency appealed from the order.[2]

We appointed appellate counsel for Mency, who filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *Delgadillo*. In *Delgadillo*, our Supreme Court held that when counsel finds no arguable issues in an appeal from the denial of a section 1172.6 resentencing petition,

---

[2] The notice of appeal states that he is appealing from the order denying his section 1172.6 petition and the "denial of *Franklin* hearing." The record contains no order denying such a hearing, and Mency's supplemental brief does not raise any errors on this point.

4

"(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

On April 1, 2025, we notified Mency of the filing of this brief and permitted him to submit a supplemental brief within 30 days stating any grounds for an appeal or arguments he wished us to consider. Mency timely filed a supplemental brief.[3]

## DISCUSSION

### A.    Governing Law

"In Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), the Legislature significantly narrowed the scope of the felony-murder rule. It also created a path to relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law. Resentencing is available under the new law if the defendant

---

[3]    Mency filed a concurrent request for calendar preference. We deny that motion in the absence of a showing of good cause. He also filed a second supplemental brief that we do not consider, as it was untimely.

5

neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision of [Penal Code] Section 190.2.'" (*People v. Strong* (2022) 13 Cal.5th 698, 703; § 189, subd. (e)(3); § 1172.6.)

Upon the filing of a facially sufficient resentencing petition under section 1172.6, the superior court must conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause. (*People v. Hill* (2024) 100 Cal.App.5th 1055, 1065 (*Hill*); § 1172.6, subd. (c).) At the evidentiary hearing following issuance of an order to show cause, the superior court acts as an independent fact finder, and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder following Senate Bill No. 1437's amendments. (*Id.* at pp. 1065–1066; § 1172.6, subd. (d)(3).) The resentencing court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law. (*Id.* at p. 1066; § 1172.6, subd. (d)(3).)

On appeal from the denial of a section 1172.6 petition after an evidentiary hearing, we review the factual findings for substantial evidence and the court's application of the law to those facts de novo. (*Hill, supra*, 100 Cal.App.5th at p. 1066.)

## B. Analysis

After review of Mency's supplemental brief, we are unable to discern any assertion of error that would warrant reversal of the resentencing court's order. (See *People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively

demonstrate error on appeal].)  Mency does not argue that the resentencing court's findings were unsupported by substantial evidence.  The arguments that he makes are not identified by headings, are conclusory, and provide few citations to the record.[4]  Most do not appear to relate to these resentencing proceedings.  We identify only two arguments that seem to relate to the evidentiary hearing.

As we understand Mency's first argument, the prosecutor made an allegedly improper statement during his argument— that Mency and Johnson "hop[ped] into a blue stolen vehicle . . . ."  According to Mency, this was a reference to a vehicle that was the subject of count five of the amended information, which alleged the misdemeanor violation of Vehicle Code, section 10852.  Count five was dismissed, and Mency argues that the prosecutor was precluded from "attempt[ing] to resurrect" this fact.

Mency did not object to the prosecutor's argument at the hearing, and therefore, has forfeited any objection.  (See *People v. Virgil* (2011) 51 Cal.4th 1210, 1260.)  In any event, he does not explain how reference to this vehicle affected or related to the court's findings, and he does not show he has been prejudiced by the reference.

Mency's second argument seems to be that *Mency II* "stated and agreed" that he was "not a major participant and did not act with reckless indifference."  He argues that the prosecution "did

---

[4]      We may "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt."  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)  Any issues not discussed in this opinion are deemed forfeited.  (*Brown v. Garcia* (2017) 17 Cal.App.5th 1198, 1207.)

not adhere to" and "circumvent[ed]" this purported conclusion. Mency misapprehends our prior ruling. The question in *Mency II* was whether it was error to summarily deny his section 1172.6 petition at the prima facie stage. In reversing the trial court's denial order, we wrote: "Nothing in [Mency's] record of conviction establishes *as a matter of law* that he acted with reckless indifference as a major participant during the robbery and/or burglary in accordance with standards established by *Banks* and *Clark*." (*Mency II*, at p. 15, italics added.) We held only that Mency was entitled to an evidentiary hearing. (*Id*. at p. 16.) Our prior decision did not prevent the resentencing court from finding, after considering the trial record, additional material, and argument, that Mency was a major participant in the underlying felonies who acted with reckless indifference to human life.

## DISPOSITION

The resentencing court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

TAMZARIAN, J.

8